IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDREW RAMIREZ,

        Plaintiff,                    No. 2:12-cv-2891 CKD P

    vs.

R. MAYES, et al.,

        Defendants.            ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, plaintiff will be assessed an initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments shall be collected and forwarded by the appropriate agency to the Clerk of the

1  Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in
2  full. 28 U.S.C. § 1915(b)(2).
3       The court is required to screen complaints brought by prisoners seeking relief
4  against a governmental entity or officer or employee of a governmental entity. 28 U.S.C.
5  § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised
6  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
7  granted, or that seek monetary relief from a defendant who is immune from such relief. 28
8  U.S.C. § 1915A(b)(1),(2).
9       A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
10 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
11 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an
12 indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,
13 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully
14 pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th
15 Cir. 1989); Franklin, 745 F.2d at 1227.
16      A complaint must contain more than a "formulaic recitation of the elements of a
17 cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the
18 speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). "The pleading must
19 contain something more...than...a statement of facts that merely creates a suspicion [of] a legally
20 cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure
21 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted
22 as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, __ U.S. __, 129
23 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has
24 facial plausibility when the plaintiff pleads factual content that allows the court to draw the
25 reasonable inference that the defendant is liable for the misconduct alleged." Id.
26 \\\\\

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Fed. R. Civ. P. 8 sets forth general rules of notice pleading in the federal courts. See Swierkiewicz v. Sorema, 534 U.S. 506, 122 S.Ct. 992 (2002). Complaints are required to set forth (1) the grounds upon which the court's jurisdiction rests, (2) a short and plain statement of the claim showing entitlement to relief; and (3) a demand for the relief plaintiff seeks. Rule 8 requires only "sufficient allegations to put defendants fairly on notice of the claims against them." McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991). Even if the factual elements of the cause of action are present, but are scattered throughout the complaint and are not organized into a "short and plain statement of the claim," dismissal for failure to satisfy Rule 8(a)(2) is proper. McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996).

Plaintiff alleges that defendants at High Desert State Prison were deliberately indifferent to his serious medical needs when they denied his requests to be referred to an outside Ear, Nose, and Throat (ENT) specialist and a sleep disorder center, and to be supplied with a face mask and humidifier for his sleep/breathing problems. Attachments to the complaint indicate that plaintiff's requests were denied in a Director's Level decision dated August 28, 2012, citing an alternative course of treatment for plaintiff's rhinitis and sinusitis, including nasal spray and antibiotics. The reviewer, defendant Zamora, noted that on April 30, 2012, a chrono for a Continuous Positive Airway Pressure (CPAP) device was approved to treat plaintiff's sleep apnea. Zamora further stated that plaintiff had received multiple evaluations "noting normal ears, eyes, nose, and throat exams," and concluded that there was no documented medical need for an ENT consultation or sleep study at the present time. (Dkt. No. 1 at 5-6.)

Denial or delay of medical care for a prisoner's serious medical needs may constitute a violation of the prisoner's Eighth and Fourteenth Amendment rights. Estelle v.

Gamble, 429 U.S. 97, 104-05 (1976). An individual is liable for such a violation only when the individual is deliberately indifferent to a prisoner's known serious medical needs. Id.; see Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002); Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000). To establish deliberate indifference, an individual defendant must have "purposefully ignore[d] or fail[ed] to respond to a prisoner's pain or possible medical need." McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992) overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997). "Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights." Id. at 1059. "A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." Franklin v. Or. State Welfare Div., 662 F.2d 1337, 1344 (9th Cir. 1981). Furthermore, where a prisoner alleges that delay of medical treatment evinces deliberate indifference, the prisoner must show that the delay caused "significant harm and that Defendants should have known this to be the case." Hallett, 296 F.3d at 745-46; see McGuckin, 974 F.2d at 1060. Mere delay of medical treatment, "without more, is insufficient to state a claim of deliberate medical indifference." Shapley v. Nev. Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).

Here, assuming arguendo that plaintiff's problems constitute a serious medical need, his allegations do not amount to a showing of deliberate indifference. Rather, they show "a difference of opinion between a prisoner-patient and prison medical authorities regarding treatment," which does not give rise to a constitutional claim of deliberate indifference. Franklin, 662 F. 2d at 1344. Moreover, a prison inmate has no independent constitutional right to outside medical care, as plaintiff seeks here. Roberts v. Spalding, 783 F.2d 867, 870 (9th Cir. 1986). Thus plaintiff fails to state an Eighth Amendment claim against any defendant.

Plaintiff will be granted an opportunity to amend the complaint. If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d

1   227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named
2   defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some
3   affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo
4   v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v.
5   Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of
6   official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents,
7   673 F.2d 266, 268 (9th Cir. 1982).
8             In addition, plaintiff is informed that the court cannot refer to a prior pleading in
9   order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended
10  complaint be complete in itself without reference to any prior pleading. This is because, as a
11  general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375
12  F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no
13  longer serves any function in the case. Therefore, in an amended complaint, as in an original
14  complaint, each claim and the involvement of each defendant must be sufficiently alleged.
15            Furthermore, any amended complaint shall not include allegations unrelated to the
16  claims that are the subject of this action.
17            In accordance with the above, IT IS HEREBY ORDERED that:
18            1. Plaintiff's motion to proceed in forma pauperis is granted;
19            2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.
20  The fee shall be collected and paid in accordance with this court's order to the Director of the
21  California Department of Corrections and Rehabilitation filed concurrently herewith;
22  ////
23  ////
24  ////
25  ////
26  ////

1      3.  The complaint (Dkt. No. 1) is dismissed for the reasons discussed above, with leave to file an amended complaint within thirty days from the date of service of this order. Failure to file an amended complaint will result in a recommendation that the action be dismissed.

Dated: February 13, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2
rami2891.B